

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

CHARLES R. BRINKMAN,
and LOUISE K. BRINKMAN
               Plaintiffs,

v.                                              Civil Action No. 4:14cv142

JOHN CRANE, INC., *et al.*,
               Defendants.

## ORDER

Before the Court is a Motion to Stay Enforcement of Remand Order Pending Appeal (ECF No. 110), filed by Defendants General Dynamics Corporation and Electric Boat Corporation ("Defendants"). Defendants move this Court to stay its June 8, 2015 Order remanding this case to the Circuit Court for the City of Newport News, Virginia, pending resolution of Defendants' appeal of the remand Order to the United States Court of Appeals for the Fourth Circuit.

A federal court has the authority to stay the enforcement of an order pending the outcome of an appeal, holding the ruling in abeyance while an appellate court reviews it. *Nken v. Holder*, 556 U.S. 418, 421 (2009). The party requesting the stay bears the burden of showing that the circumstances justify an exercise of the court's discretion in granting the stay. *Id.* at 433-34. In exercising its discretion, this Court must consider four factors to determine whether a stay is appropriate in the particular case: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In weighing the four factors, the first two "are the most critical." *Nken*, 566 U.S. at 434.

This Court exercises its discretion to stay enforcement of its prior remand Order for the following reasons. First, Defendants have established sufficiently that their appeal presents a "substantial legal question" on the merits. *See Washington Speakers Bureau v. Leading Auths., Inc.* 49 F. Supp. 2d 496, 499 (E.D. Va. 1999) (holding that the movant seeking a stay of the judgment pending appeal must show that its appeal raises at least a substantial legal question, but need not prove to the district court that its chances of prevailing on appeal are greater than fifty percent). Defendants' appeal addresses the question of the applicability of government contractor immunity in failure to warn cases, which is a matter of first impression in the Fourth Circuit. *See Miller v. Brown*, 465 F. Supp. 2d 584, 596 (E.D. Va. 2006) (finding that matters of first impression could weigh in favor of granting a stay "[b]ecause the Fourth Circuit may resolve the issue differently, [showing that] Defendants have at least demonstrated a substantial case on the merits.") (internal quotation omitted).

With respect to the second factor, irreparable injury to Defendants, the district court should enter a stay "where failure to enter a stay will result in a meaningless victory in the event of appellate success." *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995). Here, if a stay is not granted, Plaintiffs and Defendants face the "burden of having to simultaneously litigate [the case] in state court and on appeal to the [Fourth Circuit], as well as the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending." *See Dalton v. Walgreen Co.*, No. 4:13CV603, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013).

The third and fourth factors, potential for injury to other parties and consideration of the public interest, also weigh in favor of granting a stay. Plaintiffs have submitted no briefing that would indicate any potential for injury should the stay be granted. Defendants state that Plaintiff Charles Brinkman has been diagnosed with mesothelioma, but he is not currently in "distress." ECF No. 111. Defendants have also suggested potential avenues available to the Court and to Mr. Brinkman that provide for a more expedient resolution of this claim if necessary. Furthermore, this Court agrees with Defendants' contention that entering a stay is in the public interest because it would prevent duplicative litigation and the possible depletion of state court resources should it be decided that federal jurisdiction is appropriate. *See* ECF No. 111.

For the aforementioned reasons, Defendants' Motion to Stay Enforcement of Remand Order Pending Appeal (ECF No. 110) is **GRANTED**. Plaintiffs are **ADVISED** to petition the Court to lift the stay or to petition the Court for an order allowing the parties to conduct limited discovery to preserve Mr. Brinkman's testimony if circumstances so warrant.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/
_____
Arenda L. Wright Allen
United States District Judge

12 · 11 , 2015
Norfolk, Virginia

3